UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALDEN A. THOMAS, SR., dba P.A.J. TRUST EXECUTOR OFFICE,<br><br>Plaintiff,<br><br>v.<br><br>SUNSHINE CARE HOME, et al.,<br><br>Defendants. | Case No. 2:16-cv-02601-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Alden A. Thomas, Sr.'s Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. §§ 1915 and 1915A and LSR 1-1 of the Local Rules of Practice. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Thomas is a prisoner proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He is an inmate in the custody of the California Department of Corrections at the Centinela State Prison. He has requested authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed motion to register a judgment from another district. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying the filing fee if the person files an IFP application including an affidavit stating that he or she is unable to pay the fee upfront. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar."

*Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).

The court must conduct a preliminary screening in any case in which a prisoner seeks IFP status. 28 U.S.C. § 1915(e); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.*; 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 ("PLRA")). Section 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J. dissenting) (noting that courts are not bound to accept as true allegations that are "sufficiently fantastic to defy reality as we know it"). A complaint may be dismissed as frivolous if it is premised on a non-existent legal interest or delusional factual scenario. *Neitzke*, 490 U.S. at 327–28. Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *see also Denton*, 504 U.S. at 31 (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Lopez*, 203 F.3d at 1127–29; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

Having reviewed Mr. Thomas' filings, the court will recommend denial of his IFP

application and dismissal of this action as frivolous. Thomas' initial filing includes a motion to register a judgment from "another district" and an affidavit in support of the motion. *See* ECF No. 1-1. He signed a "commercial oath and certification" under the penalty of perjury of the "Private International Laws of the unincorporated United Stated [*sic*] of America." *Id*. at 11. He also attaches docket sheet, administrative default judgment, certification of judgment, and abstract of judgment purportedly issued by the "Adjudicator Court" in another district, which is not identified anywhere in the documents. The other district is not identified because the "Adjudicator Court" does not exist.

Pursuant to the Federal Rules of Evidence, the court may take judicial notice of any fact "not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (finding it appropriate for courts to take judicial notice of information made publically available on government websites).

The court takes judicial notice that a federal "Adjudicator Court" does not exist. *See* United States Courts: Court Role and Structure, http://www.uscourts.gov/about-federal-courts/court-role-and-structure (last visited Aug. 10, 2017) (the federal judiciary consists of the United States Supreme Court, 13 courts of appeal, 94 district courts; bankruptcy courts and appellate panels, and numerous specialty courts, including the Court of International Trade, Court of Federal Claims, Tax Court, Court of Appeals for Veterans Claims, and Court of Appeals for the Armed Forces). Because it is clear from the face of the motion that the "Adjudicator Court" is a fictitious entity, the court finds that Mr. Thomas is not entitled to an opportunity to amend his request for relief. Thomas' motion so fantastic and delusional that amendment would be futile. *See Lopez,* 203 F.3d at 1126, 1131 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The court will therefore recommend that this action be dismissed.[1]

---

[1] Notably, the court has dismissed two other cases Thomas filed seeking to register judgments purportedly entered by the non-existent "adjudicator court." *See Thomas v. Kang & Assoc.*, No. 16-cv-2573-JCM-NJK, Order (ECF No. 14); *Thomas v. Atlas Group L.C.*, No. 16-cv-2729-JCM-PAL, Order (ECF No. 4).

Based on the foregoing,

**IT IS RECOMMENDED**:

1. Plaintiff Alden A. Thomas, Sr.'s Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED** and this action be **DISMISSED**.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 10th day of August, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.